FLORENS FLEURGIN *vs*. SAFETY INSURANCE COMPANY.

Suffolk. October 6, 1993. - December 7, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Insurance*, Motor vehicle insurance, Underinsured motorist, Construction of policy. *Statute*, Construction.

Under this court's holding in *Alguila* v. *Safety Ins. Co.*, *ante* 494 (1993), an injured claimant was not entitled to underinsurance benefits from her motor vehicle insurer, where her policy's stated underinsurance limits were identical to bodily injury liability limits stated in the tortfeasor's insurance policy. [504]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1992.

The case was heard by *Regina L. Quinlan*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Alice Olsen Mann* (*Karyn T. Hicks & Denise K. Cahalane* with her) for the defendant.

*Michael A. Paris* for the plaintiff.

O'CONNOR, J. This case is the third of three we consider today involving the definition of an "underinsured" automobile under a standard Massachusetts automobile insurance policy issued by the defendant, Safety Insurance Company. See *Alguila* v. *Safety Ins. Co.*, *ante* 494 (1993); *Safety Ins. Co.* v. *Laurent*, *ante* 500 (1993).

The following facts are undisputed. The plaintiff, Florens Fleurgin, and two other individuals were injured in an automobile accident. The tortfeasor had in effect an automobile insurance policy with stated bodily injury limits of $10,000 per person and $20,000 per accident, and the tortfeasor's in-

surance company agreed to settle each of the three resulting claims for $6,666.66.

Fleurgin subsequently sought underinsurance benefits from her Massachusetts automobile insurance policy, issued by Safety, which had stated underinsurance limits of $10,000 per person and $20,000 per accident. Safety denied this claim on the ground that the tortfeasor's automobile was not underinsured under the policy and G. L. c. 175, § 113L(2). Fleurgin commenced an action seeking a declaration that she was entitled to underinsurance benefits. A judge in the Superior Court, relying on the decision in the Superior Court in Safety Ins. Co. *vs.* Ronald Laurent, Suffolk Superior Court, No. 90-3707 (July 20, 1992), and rejecting Safety's alternative argument that Fleurgin paid no consideration for underinsurance coverage, held that Fleurgin was entitled to recover up to $3,333 in underinsurance benefits from Safety to the extent she was able to establish that her actual damages exceed the amount previously recovered from the tortfeasor's policy.

Safety appealed from the decision in the Superior Court, and we granted direct appellate review. We now hold, for the reasons stated in *Alguila*, *supra*, that the judge in the Superior Court incorrectly concluded that the tortfeasor's automobile was underinsured. Fleurgin was not entitled to underinsurance benefits from Safety since her stated underinsurance limits were identical to the tortfeasor's stated bodily injury liability limits.

Accordingly, we need not reach the question whether Fleurgin paid consideration for underinsurance coverage. We remand this case to the Superior Court for the entry of a declaratory judgment that Safety is not liable to Fleurgin for underinsurance benefits.

*So ordered.*